

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2007

# USA v. Harvey

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2775

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Harvey" (2007). *2007 Decisions.* Paper 204.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2775

UNITED STATES OF AMERICA

v.

DAMION HARVEY,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00047-1)
District Judge:  Honorable Joy F. Conti

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2007

Before:  RENDELL and NYGAARD, Circuit Judges,
and McCLURE, District Judge.

(Filed: November 20, 2007)

OPINION OF THE COURT

* Honorable James F. McClure, Jr., Senior Judge of the United States District
Court Judge for the Middle District of Pennsylvania, sitting by designation.

RENDELL, *Circuit Judge*.

## I.

Damion Harvey appeals from the sentence imposed by the District Court of 41 months of incarceration after Harvey pled guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. §371, and one count of bank fraud, in violation of 18 U.S.C. §§1344(1) & (2). Harvey raises three arguments on appeal. First, Harvey argues that the District Court violated the Sentencing Reform Act, 18 U.S.C. § 3582(a), when it increased his sentence for the sole purpose of allowing him to participate in a substance abuse program. Second, Harvey asserts that his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. Finally, he argues that this sentence was unreasonable because the District Court gave presumptive weight to the Sentencing Guidelines. For the reasons that follow, we will affirm the sentence imposed by the District Court.

## II.

On March 2, 2005, a grand jury returned a two-count indictment charging Harvey and his co-defendant, Tanavia Hodges, with bank fraud and aiding and abetting bank fraud, in violation of 18 U.S.C. §§1344(1) & (2), and criminal conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. On September 19, 2005, Harvey pled guilty. During his plea hearing, Harvey admitted that he conspired with a number of individuals to cash counterfeit checks and share the proceeds. (App. 45-46). The District Court ordered a presentence investigation report ("PSR"). The PSR calculated Harvey's advisory Sentencing Guidelines range to be between 51 and 63 months' imprisonment,

based partly on a criminal history category of Level IV. Harvey objected to the criminal history category level and the District Court agreed and therefore departed to a criminal history category of Level III. The Court determined that the advisory Sentencing Guidelines range was between 41 and 51 months' imprisonment.

Defense counsel then argued that a sentence of 30 months, with a recommendation that Harvey be placed in the Bureau of Prisons 500-hour substance-abuse treatment program, was appropriate based on a number of factors, including Harvey's alcohol abuse. The District Court considered several of the factors found in 18 U.S.C. §§ 3553(a) and ultimately sentenced Harvey to 41 months' imprisonment, the lowest point of the advisory guideline range. The Court also ordered Harvey to pay restitution in the amount of $311,903.12.

### III.

Harvey first asserts that the District Court violated the Sentencing Reform Act, 18 U.S.C. § 3582(a), because it increased his sentence for the sole purpose of allowing him to participate in a substance abuse program. Harvey relies on *United States v. Manzella*, in which this Court held that a defendant cannot "be sent to prison or held there for a specific length of time for the sole purpose of rehabilitation." 475 F.3d 152, 160-61 (3d Cir. 2007). While the District Court did note that it wished for Harvey to receive treatment for his alcoholism while in prison, the District Court also thoroughly considered the factors found in 18 U.S.C. §§ 3553(a), complying with this Court's decision in *United*

*States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). The record establishes that the District Court "gave meaningful consideration" both to the §3553(a) factors and to "sentencing grounds properly raised by the parties which have recognized legal merit and factual support." *Id.* at 329, 331. Finally, the District Court provided detailed reasons for the sentence imposed.

This is not a case like *Manzella* where the district court increased a defendant's sentence to 30 months' imprisonment even though Guidelines Range was 2 to 8 months' imprisonment. 475 F.3d at 155-56. Here, the District Court sentenced Harvey to the low end of the applicable Guidelines Range. Furthermore, unlike *Manzella*, the Court here discussed other factors contributing to her decision at length and did not increase Harvey's sentence solely to allow him to participate in a substance abuse program. Therefore, Harvey's argument that the District Court violated the Sentencing Reform Act, 18 U.S.C. § 3582(a), fails.

Harvey next argues that his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. Harvey relies on *Robinson v. California*, 370 U.S. 660, 666-67 (1962), in which the Supreme Court held that a statute penalizing individuals for their status as drug addicts amounted to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. As previously noted, Harvey's sentence was based on his criminal behavior and the factors found in 18 U.S.C. §§ 3553(a), not his addiction. Thus, no violation of the Eighth Amendment occurred. *See United States v. MacEwan*, 445 F.3d 237, 241 n. 11 (3d Cir. 2006) (holding

4

punishment was based not on status of addiction but rather for violation federal law prohibiting the receipt of child pornography).   Harvey's Eighth Amendment argument, therefore, fails.

Finally, Harvey argues that the sentence imposed was unreasonable because the District Court gave presumptive weight to the Guidelines Range.  The record reflects that the District Court clearly understood that the Guidelines are advisory and that it was required to calculate the Guidelines range, but was not bound to sentence Harvey within that range.   Moreover, when explaining its sentence, the District Court noted the applicable guideline range was only one factor to consider. Accordingly, Harvey's argument that his sentence is unreasonable is without merit.

IV.

For the foregoing reasons, we will affirm the sentence imposed in the Judgment and Commitment Order of the District Court.

5