

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2008

# USA v. Guerrero-Gaviria

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4449

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Guerrero-Gaviria" (2008). *2008 Decisions.* Paper 1735.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1735

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL


IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

───────────

NO. 06-4449

───────────

UNITED STATES OF AMERICA

v.

LUIS GUERRERO-GAVIRIA
a/k/a Luis Enrique

Luis Guerrero-Gaviria
Appellant


───────────

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 06-cr-00119-1)
District Judge:  Hon. Michael M. Baylson

───────────

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2008

BEFORE:  FISHER, HARDIMAN and STAPLETON,
*Circuit Judges*


(Opinion Filed: January 16, 2008)

───────────

STAPLETON, Circuit Judge:

Guerrero-Gaviria appeals his ninety month sentence for knowingly and unlawfully reentering the United States without permission. According to Guerrero-Gaviria, his sentence is unreasonable because the District Court imposed this allegedly excessively long sentence for the sole purpose of rehabilitation. For the reasons stated below, we will affirm.

**I.**

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis.

Guerrero-Gaviria arrived in the United States when he was ten years old and began committing crimes at the age of nineteen. First, he was convicted of robbing a passerby while armed with a knife. Next, he was convicted of conspiring to deliver cocaine and marijuana. Later, he was convicted on separate occasions of stealing from a retail store, illegally possessing a firearm, and supplying false documents to the police. Beyond these convictions, his record also includes multiple arrests, a myriad of parole violations, and some still-outstanding warrants.

Ultimately, his conviction for conspiring to deliver cocaine and marijuana led to

his deportation in 2003. But not long after being forcibly removed from the United States, Guerrero-Gaviria returned to Allentown, Pennsylvania. An arrest for assault in November 2005 alerted federal authorities to his presence, and he was taken into custody for unlawfully reentering the United States without permission.

Guerrero-Gaviria pled guilty to the federal charge but asked for a lenient sentence because he was facing an additional lengthy term in Pennsylvania state prison for violating his parole. The District Court considered Guerrero-Gaviria's argument but concluded that a sentence at the bottom of the Guideline range (seventy-seven to ninety-six months of incarceration) was inappropriate in light of his extensive criminal history. Instead, the District Court sentenced Guerrero-Gaviria to ninety months of imprisonment, three years of supervised release, a $2,000 fine and a special assessment of $100. Guerrero-Gaviria now appeals.[1]

## II.

Guerrero-Gaviria claims that the District Court violated the Sentencing Reform Act, 18 U.S.C. § 3582(a), by increasing his sentence solely to make sure that he was rehabilitated during his prison term. While correct in claiming that a sentence cannot be lengthened "for the sole purpose of rehabilitation," Guerrero-Gaviria is incorrect in

---

[1]We have jurisdiction over sentencing appeals pursuant 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and review the ultimate sentence imposed by the District Court for reasonableness. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). We review the District Court's legal conclusions without deference and its factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2006) (en banc); *United States* v. *Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006).

claiming that his sentence was lengthened solely for this purpose. *United States v. Manzella*, 475 F.3d 152, 160-61 (3d Cir. 2007). To the contrary, in formulating his sentence, the District Court relied on Guerrero-Gaviria's criminal history and potential for recidivism rather than on any hope of rehabilitation. It noted that Guerrero-Gaviria had committed "all kinds of crimes," that he was a repeat offender who had committed more than one serious offense, that Guerrero-Gaviria's lacked any "very good reason for [his] conduct," and that he had "not learned from the fairly minimal incarcerations . . . that it's necessary to be law abiding." (Appendix at 69, 72.) This, quite correctly, led the District Court to conclude that Guerrero-Gaviria was not likely to lead an honest life, and therefore that any "rehabilitation, training, and acquisition of skills" should take place in an institutional setting "for the protection of society." (Appendix at 72.)

There is nothing in this record suggesting that Guerrero-Gaviria's ninety month sentence was imposed solely so that he could be rehabilitated beyond the District Court's perfectly proper comments encouraging him to view his time in prison as a chance to rehabilitate himself. In fact, the record shows that the District Court formulated Guerrero-Gaviria's sentence based on a "meaningful consideration" of the § 3553(a) factors and the "sentencing grounds properly raised by the parties which have recognized legal merit and factual support," as is required by our precedent. *Cooper*, 437 F.3d at 329, 331; *United States v. King*, 454 F.3d 187, 197 (3d Cir. 2006). Accordingly, this claim has no merit.

Guerrero-Gaviria's alternative claim – his sentence is unreasonably long because

he will be incarcerated in Pennsylvania to atone for his parole violations after he finishes serving his federal sentence – has nothing to commend to it.  There is no authority to suggest that defendants who are facing additional time in a state institution for violating their parole can use this fact to demand a variance of their federal sentence. Accordingly, there is no merit to this claim.

## III.

For these reasons, the judgment of the District Court will be affirmed.