

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2008

# USA v. Bookman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1733

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Bookman" (2008). *2008 Decisions.* Paper 1240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1733
_____

UNITED STATES OF AMERICA,


v.

TYHEEM BOOKMAN,

Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
D. C. No.: 06-cr-00149
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2008

Before: SCIRICA, *Chief Judge,* BARRY, and HARDIMAN, *Circuit Judges.*

(Filed: May 12, 2008 )


_____

OPINION OF THE COURT
_____



HARDIMAN, *Circuit Judge.*

A jury convicted Tyheem Bookman of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced Bookman to 70 months imprisonment. Bookman raises two trial errors and one sentencing error on appeal. For the reasons that follow, we will affirm the judgment of the District Court.

## I.

Because we write exclusively for the parties, who are familiar with the case, we recount only those facts necessary to our decision.

On the evening of November 25, 2005, two police officers on supplemental patrol of a high-crime area in Camden, New Jersey, observed Bookman reaching for his waistband. After one of the officers saw what appeared to be the butt of a handgun, Bookman was pursued briefly and arrested. Bookman later was charged with illegal possession of a firearm by a convicted felon.

Based on the parties' pretrial stipulations, the sole question for the jury was whether Bookman possessed the firearm. Prior to trial, Bookman moved to exclude any testimony referring to the area in which he was arrested as a high-crime area under Rules 402 and 403 of the Federal Rules of Evidence. The District Court denied the motion.

In his summation at trial, Bookman's counsel argued that the officers' testimony was false. In rebuttal, the Government responded by telling the jurors that they should acquit Bookman if they believed the Government's witnesses had lied. Bookman

objected, arguing that this statement misstated the issue the jury was required to decide. The District Court overruled the objection, and the jury convicted Bookman.

The Presentence Investigation Report calculated a sentencing Guidelines range of 51 to 63 months, but the District Court applied a two-level enhancement because Bookman lied under oath during a pretrial suppression hearing, thereby increasing his Guidelines range to 63 to 78 months. The District Court sentenced Bookman to 70 months after noting his criminal history, lack of credibility, lack of respect for the law, violations of conditions of pretrial release, and the potential that he might obtain his GED while in prison.

## II.

We exercise appellate jurisdiction over Bookman's claims of trial error under 28 U.S.C. § 1291, and we have jurisdiction to review the sentence imposed by the District Court under 18 U.S.C. § 3742(a).

## A.

Bookman first argues that the District Court erred when it denied his motion to exclude testimony referring to the location where he was arrested as a high-crime area because that testimony was unduly prejudicial and irrelevant under Rules 402 and 403 of the Federal Rules of Evidence. We review the evidentiary rulings of the District Court for an abuse of discretion. *United States v. Williams*, 458 F.3d 312, 315 (3d Cir. 2006).

Courts must balance the "genuine need for the challenged evidence" with the "risk that the [evidence] will influence the jury to convict on improper grounds." *United States v. Sriyuth*, 98 F.3d 739, 747-48 (3d Cir. 1996). The question of relevancy turns on how the evidence "fits into a chain of logical inferences." *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992).

As an integral part of his defense, Bookman challenged the credibility of the officer who initially observed the handgun in his waistband. By raising this challenge, Bookman opened the door for testimony explaining the exact circumstances under which the officer made his observation. The fact that the officer was on supplemental patrol in a high-crime area is relevant for this reason. Thus, according the District Court's ruling under Rule 403 "particular deference," *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 453 (3d Cir. 1997), we find no abuse of discretion.

B.

Bookman next argues that the District Court erred in overruling his objection to the following statement made during the Government's rebuttal summation:

> You need to evaluate each and every one of those witnesses and say did they come in and did they tell me the truth. And if you determine collectively that those officers took that stand and lied to you, then you need to acquit. You need to find the defendant not guilty because you should expect more from your Government.

Bookman claims that this statement violated his due process rights because it unconstitutionally lowered the burden of proof. We review the District Court's rulings on

4

objections to closing arguments for an abuse of discretion. *United States v. Brown*, 254 F.3d 454, 458 (3d Cir. 2001).

Where the Government or the trial court provides an inadequate definition of reasonable doubt, reversal is appropriate. *Sullivan v. Louisiana*, 508 U.S. 275 (1993). That is not what occurred in this case, however. During his summation, Bookman's counsel argued that the Government's witnesses were less than candid, and the Government responded to that argument by agreeing that if the jury believed that the Government's witnesses were lying, the jury should acquit Bookman. In fact, the officers' credibility was a central issue throughout the trial. The Government's statement addressed this issue; it did not, as Bookman argues, speak to the burden of proof. Therefore, we find no abuse of discretion by the District Court in this regard.

C.

Finally, Bookman argues that we should vacate his sentence because the District Court erred when it relied on the rehabilitative potential of prison in setting the length of Bookman's term of imprisonment in violation of 18 U.S.C. § 3582(a). Because this objection was not raised below, we review for plain error. *United States v. Watson*, 482 F.3d 269, 274 (3d Cir. 2007).

In *United States v. Manzella*, we observed that 18 U.S.C. § 3582(a) precludes courts from carrying out the goal of rehabilitation "by imprisonment." 475 F.3d 152, 158 (3d Cir. 2007) (emphasis in original) (citations omitted). Here, Bookman relies on the

5

District Court's mention at the sentencing hearing that he might receive his GED while in prison. When viewed in context, however, the District Court's statement does not warrant reversal. The District Court considered all of the relevant 18 U.S.C. § 3553(a) factors *seriatim*. The Court mentioned Bookman's potential to obtain his GED in passing when considering § 3553(a)(2)(D). Because the Court took special notice of Bookman's criminal history, lack of credibility, lack of respect for the law, and violation of conditions of pretrial release, we cannot conclude that the District Court based the length of Bookman's sentence exclusively or primarily for his rehabilitation. *Cf. Manzella*, 475 F.3d at 161 (concluding that the district court "set the length of Manzella's prison term *solely* for rehabilitative reasons") (emphasis added). Accordingly, we find no error, and affirm the judgment of sentence imposed by the District Court.

III.

We have considered all of Bookman's arguments and find no error. Accordingly, we will affirm the judgment and sentence of the District Court.

6