

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2008

# USA v. Medley

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3966

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Medley" (2008). *2008 Decisions.* Paper 861.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/861

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3966
_____

UNITED STATES OF AMERICA

vs.

DONALD L. MEDLEY
a/k/a
TEETER MEDLEY
a/k/a
TETTER MEDLEY

Donald L. Medley, Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 06-cr-00009-1)
District Judge:  The Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2008

BEFORE:  SMITH and NYGAARD, <u>Circuit Judges,</u>

and STAFFORD,[*] District Judge.

(Filed: July 10, 2008)

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the judgment of sentence of the District Court.

Medley entered a plea of guilty to one count of being a prior felon in possession of a firearm. The District Court sentenced Medley to a term of imprisonment of 70 months, to be followed by 3 years of supervised release. The District Court also recommended a 500 hour residential drug abuse treatment program and that he undergo mental health evaluation and appropriate treatment, if warranted.

Medley argued at the sentencing hearing for a departure under 18 U.S.C. §3553, but also argued in the alternative that the court should sentence him to a term that was in

[*] Honorable William H. Stafford, Jr., Senior District Judge for the United States District Court for the Northern District of Florida, sitting by designation.

2

the low range of the guidelines. Medley asserted that the Court acknowledged, but disregarded, evidence that he would not re-offend.

Our review of the record reveals that the District Court sentenced him to the low end of the range in the guidelines, as he requested. Additionally, while the District Court expressed hope that Medley would reform his behavior, Medley misinterprets these statements as affirmative evidence that he, in fact, would not re-offend.

We also disagree that the District Court gave presumptive weight to the guidelines. During the hearing, the District Court repeatedly referenced the Pre-Sentence Report, and Medley's objections to it. The record generally demonstrates that the District Court exercised independent judgment on relevant factors to arrive at a reasonable sentence. *See United States v. Lloyd*, 469 F.3d 319, 321 -324 (3d Cir. 2006).

We do not agree that the sentence imposed by the District Court was unreasonably long, or that the District Court ignored evidence that Medley would not re-offend. We note that the sentence was, in fact, the same as that proposed by Medley. Moreover, the District Court's expressed hope that Medley would not re-offend was merely that: an expressed hope. It was by no means evidence that Medley would not, in fact, re-offend. We also do not find any evidence that the District Court violated our holding in *United States v. Manzella*, 475 F.3d 152, 162 (3d Cir. 2007). The sentence was not lengthened to accommodate treatment.

For all of these reasons, we will affirm the judgment of conviction and sentence of the District Court.