**UNITED STATES of America**

v.

**James R. ZWICK, Appellant.**

No. 08–4171.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Oct. 28, 2009.

Opinion Filed: Nov. 3, 2009.

Robert L. Eberhardt, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Karen S. Gerlach, Esq., Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

BEFORE: SMITH, FISHER and STAPLETON, Circuit Judges.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

James Zwick appeals his seventy-seven month sentence for one count of bank robbery in violation of 18 U.S.C. § 2113(a). According to Zwick, the District Court improperly determined the length of his term of imprisonment based on rehabilitative goals. For the reasons that follow, we will affirm.

**I.**

Because we write only for the parties who are familiar with the factual context and procedural history of this case, we set forth only those facts necessary to our analysis.

Zwick pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). He sought a sentence below the Guidelines range (seventy-seven to ninety-six months of incarceration). In support of his argument for a variance, Zwick explained that he had committed the crime because he was threatened by drug dealers to whom he owed money. He asserted that a sentence below the Guidelines range would help him seek treatment for his drug addiction and would also allow him to return to his occupation as a boilermaker and

provide restitution to his victim more quickly. As additional factors militating in favor of a lower sentence, Zwick also pointed to his health problems and asserted that someone his age (fifty years) was statistically less likely to recidivate than a younger defendant. In opposing his request for a variance, the government stressed Zwick's long criminal history and the seriousness of his offense.

The District Court considered Zwick's arguments but denied Zwick's motion for a variance, citing the presentence report (which contained Zwick's extensive prior criminal history), the arguments made by counsel, and the Court's additional findings of fact. The Court sentenced Zwick to seventy-seven months of imprisonment, a sentence on the lowest end of the Guidelines range, and ordered him to pay restitution in the amount of $1,143. The Court also recommended to the Bureau of Prisoners that Zwick participate in its 500–hour residential treatment program to the extent he was eligible. It is this sentence from which Zwick appeals.

## II.

Zwick claims that the District Court violated the Sentencing Reform Act, 18 U.S.C. § 3582(a), by increasing his sentence on the basis of his need for alcohol and drug rehabilitation, as well as his need for medical treatment. In support of his argument, Zwick points to the Court's statement that "the sentence that I have imposed gives you the opportunity to get, No. 1, good medical care; and No. 2, drug treatment in the 500–hour program." App. at 144–45. The Court also noted that, "some of the conditions of which you complained, diabetes, arthritis, Hepatitis C, I have seen in other records and I know that the prison system does afford treatment." App. at 145. The Court also stated that Zwick would receive treatment that he "may not have had" in the past as part of his sentence. App. at 147.

We are unpersuaded by Zwick's argument that these statements show that the District Court lengthened his term of imprisonment based on his need for medical treatment and rehabilitation. To the contrary, the District Court expressly relied on "the nature and circumstances of the offense as well as [Zwick's] history and [his] background" when determining the sentence. App. at 143. In addition to the seriousness of the offense, the Court's explanation of its sentence emphasized Zwick's extensive criminal history and the need for specific deterrence:

> [T]here's been an extensive history of criminal offenses that go back to the early 1970s. Some of them are property crimes as we know, some of them are burglaries, some of them involve theft and taking. So—and they are consistent. They continue right up to the present time
>
> \*       \*       \*
>
> What's telling to me is despite prior punishment, whether probation time or jail time, you have continued to commit crimes. So I have weighed all of that and I have come to the determination that I have.

App. at 144.

We further note that the Court made the majority of the comments identified by Zwick as problematic in the context of addressing his argument that he had not had prior drug treatment. The Court noted that there was "nothing stopping" Zwick from receiving treatment prior to his commission of the offense and then indicated that he would be able to receive treatment while serving his sentence. App. at 144. Accordingly, we find nothing in the record to suggest that the Court improperly lengthened Zwick's sentence so that he could receive rehabilitation.

We are likewise not persuaded by Zwick's argument that the District Court's judgment was inconsistent with our precedent in *United States v. Manzella*, 475 F.3d 152 (3d Cir.2007). In *Manzella*, the record established that the sentencing judge had lengthened the defendant's sentence for the purpose of rehabilitation. Here, a fair reading of the sentencing judge's explanation of his sentence indicates that the decisions regarding incarceration and the length thereof were based upon consideration of the sentencing guidelines, and the other factors under § 3553(a), including the nature of his offense and his personal history. Accordingly, we perceive no conflict with *Manzella*.

### III.

For these reasons, the judgment of the District Court will be affirmed.