RENDELL, Circuit Judge,
Concurring in part and Dissenting in part:
I agree with my colleagues that the District Court was required to consider the factors set forth in 18 U.S.C. § 3553(a) in sentencing Ms. Thornhill, and I readily join their eloquent and well-reasoned opinion on that issue.
I part ways with the majority’s disposition, however, because I would remand so that the District Court can meaningfully consider those sentencing factors in connection with the mandatory imprisonment of Ms. Thornhill upon revocation of her supervised release. The length of her *315 term of imprisonment is squarely at issue, and the § 3553(a) factors should be weighed. This is especially true because the District Court varied upward in giving Ms. Thornhill a sentence of three years.
Until today, we have never addressed whether the § 3553(a) sentencing factors must be considered in the context of mandatory revocation of supervised release, under § 3583(g), and, indeed, few other Courts of Appeals have discussed this issue at length. If anything, as the Government points out, our case law previously hinted that consideration of the factors was appropriate, but not required, in this context. See United States v. Doe, 617 F.3d 766, 772 (3d Cir.2010). However, today we clearly hold for the first time that such consideration is mandatory. The majority finds that the District Court anticipated this holding and meaningfully considered the sentencing factors under § 3553(a).
In the usual case, we might debate whether the scattered statements of a district court resemble a discussion of the pertinent sentencing factors. However, here, the District Court had no inkling that an analysis of the § 3553(a) factors was required, and as a consequence, never mentioned the factors once.[1] This was through no fault of the District Court, conducted as it was by a “judge [and] not a prophet,” lacking any reason to anticipate the requirement we set out today. See United States v. Brown, 595 F.3d 498, 527 (3d Cir.2010). But fairness dictates that when we announce a new rule that could impact the length of the sentence imposed a remand for resentencing is appropriate. See id. (remanding for resentencing where a district court, “[Hacking ... clairvoyance,” failed to anticipate requirement to consider § 3553(a) factors post-Booker); United States v. Manzella, 475 F.3d 152, 162 (3d Cir.2007) (remanding for resen-tencing upon holding that prison sentences could not be imposed for rehabilitative purposes).
We need only review the record briefly to determine that the District Court did not, in fact, foresee our holding and meaningfully consider the § 3553(a) factors. The District Court provided no explanation for its three-year, above-guidelines sentence, beyond the bare statement that Ms. Thornhill had “proven [herjself to be unmanageable in a free society environment.” (App.400.)[2] A defendant’s “manageability,” whatever that might mean, is not included among the sentencing considerations listed under § 3553(a). Thus, the sole explanation provided by the District Court does not show rational and meaningful consideration of the § 3553(a) factors.[3] This alone necessitates a remand for resentencing.
*316 Likewise, the District Court’s other asides and statements in the sentencing hearing do not reveal why Ms. Thornhill was sentenced to three years’ imprisonment, let alone indicate that the sentence was based on the § 3553(a) factors. For example, the Court’s most detailed comment was, in full, as follows:
The Court: That’s what we’ve been trying to give her [defense counsel]. She’s been here, and been here, and been here. That’s what the whole plan has been. [The probation officer] has worked hard to try to give her a structure, and give her psychiatric treatment, the mental health treatment, the drug counseling. I mean, that’s what we have been doing. So, how else are we going to accomplish that, without forcing her into a situation where she has to do what she has to do?
(App.384.) The majority cites part of this remark as evidence of the Court’s consideration of § 3553(a)(2), involving incapacitation and deterrence. (Majority Op. at 312-13.) But far from addressing any of the sentencing factors, the Court was asking how else it was going to give Ms. Thornhill “a structure, and give her psychiatric treatment, the mental health treatment, the drug counseling,” except through prison time. (App.384.) Thus, we cannot know if the Court may have imper-missibly lengthened Ms. Thornhill’s prison term to promote rehabilitation.[4] I find that this comment does not represent meaningful consideration of a sentencing factor, but rather evidences a troubling ambiguity that should be cleared up by a remand for resentencing.
More generally, where a defendant is sentenced without the slightest indication that the § 3553(a) factors were considered, our case law dictates a remand. In United States v. Clark, cited by the majority, we held that consideration of the § 3553(a) factors had been inadequate for a within-guidelines sentence, even though the district court acknowledged that it had to consider them and even provided a “full discussion of the first relevant factor.” 726 F.3d 496, 503 (3d Cir.2013). We held the subsequent “rote recitation of the relevant factors ... cannot support a conclusion that the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a). Nor can we determine, from the record before us, that the court reasonably applied those factors to the circumstance of the case.” Id. (citations omitted). Accordingly, we remanded for resentencing.
Unlike Clark, the term of imprisonment in this case is above the guidelines range. And unlike Clark, the District Court here did not discuss any of the sentencing factors, or even list them in a rote manner. See also United States v. Goff, 501 F.3d 250, 256 (3d Cir.2007) (remanding for re-sentencing where, inter alia, “the District Court did not mention § 3553(a) when it imposed its sentence, or the necessity of applying the § 3553(a) factors under orn-ease law”). Nor did the Court ever refer to the substance of the factors, such as: the need to provide just punishment, adequate deterrence and protection of the public, as well as the need to avoid unwarranted sentencing disparities. In sum, the record provides no basis to conclude that *317 the District Court anticipated our decision today and meaningfully considered the § 3553(a) factors. Indeed, it would be surprising if the record revealed otherwise.
We simply cannot know how meaningful consideration of the § 3553(a) factors, which we now require, would have affected Ms. Thornhill’s sentence. Speculation on our part as to what the Court might have been considering, and whether those reasons coincide with § 3553(a), cannot be enough to uphold Ms. Thornhill’s above-guidelines sentence. In short, Ms. Thorn-hill deserves to have the rule announced today applied to her case. I respectfully dissent from the majority’s disposition.

. " § 3553(a)” appears only once in the transcript, in Ms. Thornhill's objection at the conclusion of sentencing. (App.402.).

. Though this was the sole explanation provided upon the imposition of sentence, the majority makes only a passing reference to it, noting that the comment "signaled the need for incapacitation...(Majority Op. at 313.) The remainder of the statements cited by the majority were made at different points in the hearing, some during testimony, others during argument, and all well before sentence was imposed, such that there is no indication which, if any of them, factored into the District Court’s decision to sentence Ms. Thorn-hill above the guidelines.

. Rita v. United States, 551 U.S. 338, 359, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), cited by the majority for the proposition that the "context and the record” can support the sentence here, is inapposite. That case concerned a within-guidelines sentence, and the Supreme Court found that a specific explanation was not required in such a "conceptually simple” case. Id. at 359, 127 S.Ct. 2456. By contrast, the Court noted, "[wjhere the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so.” Id. at 357, 127 S.Ct. 2456. The sentence here was above the guidelines, and no explanation was given.

. That is, the District Court potentially violated the holding of Tapia v. United States, - U.S.-, 131 S.Ct. 2382, 2393, 180 L.Ed.2d 357 (2011): "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation.” Several Courts of Appeals have found this holding to extend to sentences imposed upon revocation of supervised release. See, e.g., United States v. Molignaro, 649 F.3d 1, 5 (1st Cir.2011).