

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2008

# USA v. Dennis

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4218

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Dennis" (2008). *2008 Decisions.* Paper 692.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/692

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4218
_____

UNITED STATES OF AMERICA

v.

BERNARD W. DENNIS,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-00078)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2008

Before:  FISHER, JORDAN and VAN ANTWERPEN, *Circuit Judges*.

Filed: August 11, 2008
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Bernard Dennis pled guilty to one count of assault with a dangerous weapon in

violation of 18 U.S.C. § 113(a)(3).  The District Court sentenced him to seventy-seven

months' imprisonment and recommended that he serve the last 180 days of the seventy-

seven months in a community correction center ("CCC").  He argues that the District Court improperly lengthened his imprisonment for the purpose of rehabilitation, that the Court failed to respond to non-frivolous arguments in favor of a below-Guidelines sentence, and that the sentence is greater than necessary to achieve sentencing goals.  For the reasons set forth below, we will affirm the District Court's judgment of sentence.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

On March 12, 2005, Dennis entered the post office located in the Federal Post Office and Courthouse in downtown Pittsburgh.  He approached a stranger and stabbed him in the back repeatedly with a 10-inch serrated knife.  The victim, who was recovering from knee surgery and walking with the aid of crutches, fell face down and began crying for help.  A security officer immediately came to the victim's aid, handcuffed Dennis, and confiscated the knife.  Dennis was then taken into custody by federal protective service agents.

A grand jury returned a one-count indictment against Dennis, and he pled guilty to knowingly and intentionally assaulting an individual with a dangerous weapon, with the intent to do bodily harm, and without just cause or excuse within the special maritime and territorial jurisdiction of the United States.  18 U.S.C. § 113(a)(3).  The Court was made

2

aware of Dennis's history of alcohol, cocaine, and marijuana abuse, mild mental retardation, chronic schizophrenia, long-term memory impairment, and his corresponding need for medical treatment. Both Dennis and his attorney assured the Court that his plea was knowingly and voluntarily entered.

According to the presentence report ("PSR"), the total offense level, including an adjustment for acceptance of responsibility, was 21. Dennis was a career offender with a criminal history category of VI, and his advisory Guidelines sentence was seventy-seven to ninety-six months' imprisonment. Although Dennis did not object to the facts and Guidelines calculations in the PSR, he sought a § 3553(a) variance based on his mental health problems and diminished capacity.

Prior to imposing the sentence, the District Court reflected on the purposes of sentencing, the "sad and serious" nature and circumstances of the offense, and Dennis's record of mental illness. The Court also recited Dennis's criminal history and expressed concerns about his record of violent behavior, poor prognosis, and failure to respond to rehabilitation programs. The Court reasoned that "at some point the protection of the public has to trump other concerns that we have here in sentencing you." In conclusion, the Court stated:

> After a lot of careful consideration, because I am concerned about you, I think that my biggest concern has to be the protection of the public and the provision of not only punishment for you but the most effective correctional treatment that I know of and that would be incarceration in a federal institution.

3

The Court then sentenced Dennis to seventy-seven months' imprisonment, the bottom of the Guidelines range. The Court recommended that Dennis serve the last 180 days of his prison term in a CCC. The Court also imposed a three-year term of supervised release with special conditions. Dennis brings this timely appeal challenging his sentence.

## II.

We have jurisdiction pursuant to 28 U.S.C. §1291 and 18 U.S.C. § 3742(a)(1). We review the sentencing court's factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). However, we exercise plenary review over questions of statutory interpretation. *United States v. Manzella*, 475 F.3d 152 (3d Cir. 2007). We review the sentence imposed for reasonableness, *United States v. Cooper*, 437 F.3d 324, 326-27 (3d Cir. 2006), asking "whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. ___, 127 S. Ct. 2456, 2465 (2007).

## III.

Dennis incorrectly contends that his term of imprisonment was unlawfully extended solely for rehabilitative purposes in violation of 18 U.S.C.§ 3582(a). He bases his argument on the District Court's comments prior to sentencing and its recommendation that he serve the last 180 days of imprisonment in a CCC. The District Court had the authority to make this transfer recommendation to the Bureau of Prisons at

4

the time of sentencing, 18 U.S.C. § 3621, and it did not improperly extend Dennis's sentence in order to rehabilitate him.

*Manzella* and 18 U.S.C. § 3582(a) direct that a court may not impose or lengthen a term of imprisonment for the sole purpose of achieving institutional rehabilitation. As we explained in *Manzella*, however, the plain language of § 3582(a) does not prevent a court from considering correction and rehabilitation in fashioning the defendant's entire sentence pursuant to § 3553(a)(2)(D), including making recommendations about where the defendant should serve a term of imprisonment. *Manzella*, 475 F.3d at 159.

The District Court mentioned correctional treatment, or rehabilitation, at the sentencing hearing along with other factors. The Court properly considered correctional treatment only as a part of Dennis's larger sentence and not in determining the length of incarceration. *United States v. Watson*, 482 F.3d 269, 274 (3d Cir. 2007). In addressing the § 3553(a) factors, the Court focused particularly on protection of the public and correctional treatment for Dennis, as it was permitted to do. *See Cooper*, 437 F.3d at 329 (The district court is not required to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.").

We noted in *Watson*:

> What a court can not do is to impose or lengthen a term of imprisonment for the purpose of providing correction and rehabilitation. As in all appeals, the burden is on the appellant to demonstrate that the District Court imposed a prison term or lengthened the term of imprisonment because of

such considerations. The mere fact that a court may take into account or mention correction or rehabilitation along with other factors in arriving at or explaining its sentence is not enough, by itself, to meet this burden.

482 F.3d at 275. Here, as in *Watson*, the District Court took rehabilitation into account along with other factors, but did not lengthen the sentence based on impermissible rehabilitative goals.

The incarceration term was within the Sentencing Guidelines, was properly supported by the record, and was not inappropriately lengthened to meet rehabilitation goals. Therefore, it did not violate 18 U.S.C. § 3582(a).

Second, Dennis argues that the sentence was unreasonable because the District Court failed to respond to non-frivolous arguments based on § 3553(a) in favor of a below-Guidelines sentence. The record clearly establishes, however, that the Court considered Dennis's arguments.

The District Court took care to impose a sentence based on the § 3553(a) factors, specifically stating:

> After a lot of careful consideration, because I am concerned about you, I think that my biggest concern has to be the protection of the public and the provision of not only punishment for you but the most effective correctional treatment that I know of and that would be incarceration in a federal institution.

It is evident throughout the record that the District Court addressed both of Dennis's arguments in support of a below-Guidelines sentence: the over-representation of his criminal history and his mental illness. *Id.* The Court expressed concern over "the

6

record you have garnered for violence," believed that the "likelihood you will get better is poor," and concluded that "at some point the protection of the public has to trump the other concerns we have here in sentencing you." The District Court's statements indicate that it considered Dennis's arguments. We conclude that the Court did not abuse its discretion, and that it reasonably imposed a sentence at the bottom of the Guidelines range after addressing all of the § 3553(a) factors.

Finally, Dennis argues that because his mental illness contributed substantially to his offense and his criminal history, a seventy-seven month sentence was greater than necessary under the parsimony provision of 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth in the statute).

Dennis's argument is unavailing. The record shows that the District Court considered his mental illness and agreed that it contributed substantially to his criminal behavior. The Court then imposed a sentence at the bottom of the Guidelines range, which it reasonably believed was necessary in order to accomplish the goals of sentencing. Our review is deferential, and since the sentence was reasonable and does not amount to an abuse of the Court's discretion, we will not disturb it. *Rita*, 127 S. Ct. at 2465.

IV.

For the reasons set forth above, we will affirm the District Court's judgment of sentence.