

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2009

# USA v. Jahi Grant

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4016

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jahi Grant" (2009). *2009 Decisions*. Paper 1456.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1456

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4016
_____

UNITED STATES OF AMERICA

v.

JAHI GRANT,

Appellant.

_____

On Appeal from the United States District Court
for the District of the Virgin Islands
(D.C. No. 07-cr-00032)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
Submitted April 21, 2009

Before: BARRY, HARDIMAN, and COWEN, *Circuit Judges*.

(Filed: April 29, 2009)
_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

Jahi Grant appeals his 36-month sentence, which was an upward variance from his Sentencing Guidelines range of 15-21 months. Because the District Court provided scant explanation for Grant's sentence, we will vacate and remand for resentencing.

I.

We recount only those facts essential to our holding in this not precedential opinion.

While visiting the Virgin Islands, Grant was apprehended by police conducting a narcotics investigation. A loaded handgun was later discovered in the vicinity. Grant initially denied knowledge of the weapon, but an investigation quickly traced it to Grant's girlfriend in Virginia, and he eventually confessed to mailing the gun to the Virgin Islands prior to his trip. Grant pleaded guilty to illegal possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

The District Court properly calculated a 15-21 month Guidelines range, which neither party disputes. On appeal, Grant challenges the reasonableness of his sentence, arguing that the District Court failed to give meaningful consideration to the 18 U.S.C. § 3553(a) factors.

At his sentencing hearing, Grant argued that the minor nature of his previous offenses, the fact that he carried the gun for self-defense, and his family circumstances all warranted a lenient sentence. The District Court engaged Grant's counsel in the following colloquy:

THE
COURT:      Didn't Mr. Grant cause a firearm to be mailed to the Virgin Islands?

COUNSEL:  He did, your Honor.

THE
COURT:      So what I'm hearing you say is that it's as though Mr. Grant needed
                this to protect himself in the Virgin Islands.  Is that right?

COUNSEL:  He came here after he mailed it, yes.

THE
COURT:      Couldn't he have not just come to the Virgin Islands, if there's a
                danger in the Virgin Islands?

COUNSEL:  Absolutely, your Honor.

THE
COURT:      Coming here, and then having the presence of mind to mail a firearm
                here . . . being a convicted felon . . . doesn't that suggest that this
                isn't a circumstance that sort of fell on him; this is one of his own
                making?

COUNSEL:  Your Honor, it is.  But you have to understand he came here for his
                daughter's birthday, for her, I believe second or third birthday . . .

THE
COURT:      Didn't he also lie to the agent when interviewed?

COUNSEL:  And then he came clean, and also told the agents that he would help
                them in any way, shape, or form, at which point he called them on
                numerous occasions to tell the truth.  He immediately fessed up to
                what he had done, and aided them in the prosecution of him. At one
                point I think he gave three statements, completely stating what he
                had done, everybody that was involved.  He fully accepted
                responsibility.  Your Honor, the guidelines in this case adequately
                take into account the nature and circumstance of the offense, the
                defendant's criminal history.  And we submit, your Honor, that he's
                been in prison almost 15 months; that any further sentence should be

3

on home confinement, and so he could be with his wife and his child and attempt to move on from this situation.

App. 49-51.

The Government disputed the extent of Grant's cooperation and argued that a top-of-the-Guidelines sentence was justified because Grant had a previous firearms conviction. The District Court was unpersuaded by Grant's arguments for leniency and found that a sentence above the Guidelines range was appropriate for the following reasons:

> I've . . . considered the sentencing factors at Title 18, Section 3553 . . . . And among these factors, the Court is to consider the nature and circumstances of the offense, and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need to afford adequate deterrence to criminal conduct.

> The Court has considered the kinds of sentences available, the sentencing range, and the Court has also considered the policy behind the Sentencing Commission and the Guideline range that's prescribed. The Court has also considered the need to avoid unwarranted sentencing disparities.

> And considering the history in this case, the Court finds that an appropriate sentence is 36 months imprisonment.

> . . .

> Now the Court agrees with the Government and does not – is not persuaded in the least with the defendant's argument in this case. The history and characteristics of this defendant, as well as the nature of the offense, warrants a sentence at 36 months, which the Court recognizes is in excess of the suggested advisory Guideline range. But nonetheless, to afford the appropriate deterrence under the circumstances, 36 months is the appropriate sentence.

App. 56-57.

Since *Booker*, we review Grant's sentence for reasonableness under the deferential abuse of discretion standard. *United States v. Sevilla*, 541 F.3d 226, 230 (3d Cir. 2008). We "repose our confidence in district judges to apply fairly and justly the factors set forth in 18 U.S.C. 3553(a), which may require variances from the Guidelines range." *United States v. Kennedy*, 554 F.3d 415, 423 (3d Cir. 2009).

"To determine if the District Court acted reasonably in imposing a sentence, we must be satisfied that the court appropriately exercised its discretion by considering the relevant factors under 18 U.S.C. § 3553(a). The record must demonstrate that the district court gave meaningful consideration to the § 3553(a) factors." *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007) (citations and quotations omitted). "[T]he district court need not discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing." *Id.* Nevertheless, a cursory statement that the district court has considered the defendant's arguments and the § 3553(a) factors is not sufficient. *United States v. Cooper*, 437 F.3d 324, 329 n.6 (3d Cir. 2006). Moreover, "[i]n addition to ensuring a trial court considered the § 3553(a) factors, we must . . . ascertain whether those factors were reasonably applied to the circumstances of the case." *Id.* at 330.

Although a sentence outside the Guidelines range need not be justified by extraordinary circumstances in order to be reasonable, *Gall v. United States*, 128 S. Ct.

586, 594-95 (2007), "it is less likely that a within-guidelines sentence, as opposed to an outside-guidelines sentence, will be unreasonable," *Cooper*, 437 F.3d at 331, and "the more that a sentence varies from the advisory Guidelines range, the more compelling the supporting reasons must be." *United States v. Manzella*, 475 F.3d 152, 161 (3d Cir. 2007).

III.

We are satisfied that the District Court sufficiently addressed Grant's arguments about his criminal history, stated purpose for possessing the gun, and family circumstances. The Court was within its discretion to reject these arguments. *Cooper*, 437 F.3d at 329 ("The court need not discuss every argument made by a litigant if an argument is clearly without merit.") (citation omitted).

Nevertheless, we find Grant's sentence procedurally unreasonable because the District Court failed to apply the § 3553(a) factors. According to the District Court, an enhanced sentence was justified by "[t]he history and characteristics of this defendant, as well as the nature of the offense," and the need to "afford the appropriate deterrence under the circumstances." App. 57. The record does not indicate which characteristics of the defendant or offense justified a variance, or why the variance was necessary to promote deterrence in this case. As in *Manzella*, "[t]he District Court's list of reasons for imposing [Grant's] sentence primarily constituted a rote recitation of the § 3553(a) factors." 475 F.3d at 162. Although the record reflects mention of the § 3553(a) factors

6

and provides a brief glimpse of the particular facts deemed relevant by the District Court, it reveals little application of law to fact. "[E]xplanations of the relevant sentencing factors must go beyond mere formalism. Otherwise, it is difficult for us to apply effective appellate oversight." *Kononchuk*, 485 F.3d at 204. The District Court's failure to "explain why the variance is justified" in terms of this particular defendant and this particular offense is therefore procedural error. *Id. See also United States v. Levinson*, 543 F.3d 190, 201 (3d Cir. 2008) (vacating and remanding for resentencing where the district court failed to "explain why the general policy [reflected in the Guidelines] should not apply in the particular case").

Because we are vacating Grant's sentence for procedural unreasonableness, we do not reach the issue of substantive reasonableness. Indeed, we express no opinion regarding the merits or demerits of a 36-month sentence in this case. On remand, the District Court remains free to impose the same sentence or a lesser sentence, as long as the sentence is justified by application of the § 3553(a) factors to the facts of Grant's case.