FILED
United States Court of Appeals
Tenth Circuit

February 22, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 09-6261

AMBER ELAINE STORY,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. NO. 5:09-CR-00197-HE-1)**

---

Paul Antonio Lacy, Assistant Federal Public Defender, Office of the Federal Public Defender, Oklahoma City, Oklahoma, for Appellant.

Jonathon E. Boatman, Assistant United States Attorney (Sanford C. Coats, United States Attorney, and Timothy W. Ogilvie, Assistant United States Attorney, with him on the briefs) Office the United States Attorney, Oklahoma City, Oklahoma, for Appellee.

---

Before **HARTZ**, **SEYMOUR**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

The district court sentenced Amber Elaine Story to additional time in prison

so that she might be eligible for a drug rehabilitation program available only to

prisoners serving 24 months or more. She now challenges her sentence, claiming it violates 18 U.S.C. § 3582(a), which directs sentencing judges to "recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation." We conclude this statute prevents a sentencing court from increasing a sentence for rehabilitative objectives. The district court therefore erred in increasing Story's sentence for this purpose. But we also conclude the district court did not commit plain error because the scope and interpretation of § 3582 has created a circuit split, which the United States Supreme Court has agreed to review this term. *See Tapia v. United States*, No. 10-5400, 2010 WL 2786979 (U.S. Dec. 10, 2010) (granting certiorari).

Finding no plain error, we AFFIRM.

## I. Background

Story pleaded guilty to one count of unlawful possession of stolen mail in violation of 18 U.S.C. § 1708. Story's actions were part of a larger scheme to obtain drugs to supply her addiction: she stole mail in search of checks, which she would bring to a co-conspirator for alteration and then cash. As payment for stealing and cashing the altered checks, Story received drugs or a portion of the checks' proceeds.

The United States Sentencing Guidelines called for a sentencing range of 12 to 18 months' imprisonment. The presentence report (PSR) identified no factors warranting a departure or variance from the Guidelines.

The government made no objection to the PSR and no recommendation as to sentencing. Story's trial counsel, however, sought a downward departure on the grounds of Story's mental health history and drug addiction. The court nonetheless sentenced her *above* the guideline range to 24 months' imprisonment. The court explained the sentence was necessary to make her eligible for a residential drug abuse program available only for prisoners with sentences in excess of 24 months:

> [Story's] history of mental health issues . . . . [and] very significant drug addiction . . . . have driven the substantial criminal record . . . . [T]he solution to this is treatment. . . . *And I think, frankly, that that circumstance is what drives my ultimate sentencing decision here perhaps more than any other thing . . . . [W]hat in my view is the most pertinent consideration here, and it's fairly rare for me to conclude this . . . [is] the need for [Story] to receive care or treatment in a correctional setting . . . .*
>
> The thing that is most necessary for Miss Story is to have a sustained and intense drug rehabilitative experience in a correctional setting where her circumstances and participation and access and so on can be controlled, and hopefully to couple that with such mental health services that are available. But the . . . program that the Bureau of Prisons offers that includes the long-term intensive drug treatment is the Residential Drug Abuse Program. That program is ordinarily not available to persons who are incarcerated for less than 24 months. And, frankly, I think it is critical that she receive that treatment.
>
> So as a result of that, while I think in the absence of these other specific factors I would have sentenced Miss Story within the guidelines, I think it is imperative that she receive a sentence that would qualify her to get this more intensive treatment, give her the opportunity on a longer term to dry out and get the drugs out of her system and hopefully develop the tools to lick the addiction problem

and to give her a more stable platform from which she could then address her various mental health issues.

R. Vol. III at 51–55 (emphasis added).  Story's counsel objected because even with the longer sentence there was no guarantee that she would be eligible for the treatment program due to outstanding warrants.

Counsel did not object on the ground that the higher sentence violated § 3582(a)'s command that sentencing courts may not use rehabilitative goals to increase the length of prison sentences.

## II.  Discussion

Story's only argument on appeal is the district court's decision to extend her term of imprisonment for the purpose of making her eligible for the residential drug treatment program was directly contrary to the statutory prohibition set forth in § 3582(a).  She asserts her sentence is therefore unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).

### A.  Standard of Review

Ordinarily, the sentencing court's application of the Guidelines is subject to de novo review.  *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). But because Story's trial counsel failed to raise the § 3582(a) issue at sentencing, we review only for plain error.  *United States v. Trujillo-Terrazas*, 405 F.3d 814, 817 (10th Cir. 2005).  To establish plain error, Story must demonstrate the district court (1) committed error, (2) the error was plain, and (3) the plain error affected

-4-

her substantial rights.  *United States v. Cotton,* 535 U.S. 625, 631 (2002).  If these factors are met, we may exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* at 631–32.

We review a criminal sentence for reasonableness.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  A sentence is procedurally unreasonable if it is based on consideration of an impermissible factor.  *See United States v. Smart*, 518 F.3d 800, 803 (2008).

### B.  *Sentencing to Promote Rehabilitative Goals*

Story's challenge arises out of the tension between two statutory provisions governing sentencing:  18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(a).

The first provision, § 3553(a), requires courts to take a holistic view of the defendant and the crime.  It directs courts to examine the defendant's personal characteristics, criminal history, and the nature of the crime committed to determine an appropriate sentence, which may include incarceration, special conditions upon release, and restitution.  As a part of this examination, § 3553(a)(2)(D) also commands the sentencing court to consider, among other factors, "the need for the sentence imposed . . . *to provide the defendant with*

*needed educational or vocational training, medical care, or other correctional*

*treatment* in the most effective manner." (emphasis added).[1]

But § 3553 is tempered by a another statutory provision, § 3582(a), which expressly limits imprisonment as a means to promote rehabilitative goals:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.*

(emphasis added).

The two competing objectives set forth in these statutes is the crux of Story's appeal. She contends the district court erred in sentencing her to a longer term of imprisonment—6 months above the 18 month guideline maximum—to make her eligible for a drug treatment program. She argues the court not only

---

[1] Section 3553(a) provides more fully:
**"(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider . . .

**(2)** the need for the sentence imposed--

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ."

violated the plain language of § 3582, but also left no guarantees that she would even be admitted to the treatment program since placement is discretionary with prison officials and the program may not be offered in every facility.

The circuits are split in interpreting and reconciling these provisions. And after oral argument in this case, the government submitted a pleading reversing its view in the briefs that § 3582(a) could be harmonized with § 3553(a) to allow a sentence based on rehabilitative needs. The government now concedes the district court's sentence violated § 3582(a).[2] In addition, the United States Supreme Court granted certiorari to consider and resolve the circuit split. *Tapia v. United States*, No. 10-5400, 2010 WL 2786979 (U.S. Dec. 10, 2010) (granting certiorari on the following question: "May a district court give a defendant a longer prison sentence to promote rehabilitation, as the Eighth and Ninth Circuits have held, or is such a factor prohibited, as the Second, Third, Eleventh, and D.C. Circuits have held?").

We agree with the circuits that have concluded sentencing courts may not increase the term of incarceration to advance rehabilitative goals. Although a

---

[2] The Solicitor General filed a brief opposing the grant of certiorari by the United States Supreme Court in a Ninth Circuit case addressing this issue conceding the district court cannot consider rehabilitation in setting the length of a prison sentence under § 3553(a). Brief in Opposition to the Grant of Certiorari at 5–6, *Tapia v. United States*, No. 10-5400, 2010 WL 2786979 (U.S. Oct. 25, 2010) ("[T]he plain language of the statute prohibits considering a defendant's rehabilitative needs as a factor in setting the duration of her prison sentence.").

commendable objective, that goal is contrary to the statutory command of § 3582(a).

The circuit split presents several conflicting interpretations of the statutory provisions. The first, represented by the Eighth and Ninth Circuits, reads § 3582(a) to prohibit consideration of rehabilitation only in deciding whether to impose a term of imprisonment in the first place. For example, in *United States v. Hawk Wing*, 433 F.3d 622, 629–30 (8th Cir. 2006), the Eighth Circuit concluded once a sentencing court has properly decided *some* term of imprisonment is appropriate, it may go on to consider goals of rehabilitation to determine the *length* of the term. *Id.* Similarly, the Ninth Circuit in *United States v. Duran*, 37 F.3d 557, 561 (9th Cir. 1994), embraced a narrow interpretation of § 3852(a): "[i]f Congress had intended to prohibit sentencing judges from considering correction and rehabilitation in setting the length of the sentence, it could have enacted a statute that admonished judges to recognize 'that imprisonment *or the length of imprisonment* is not an appropriate means of promoting correction and rehabilitation.'" *See also United States v. Jimenez*, 605 F.3d 415, 424 (6th Cir. 2010) (suggesting the minority view in dicta).

This interpretation has been rejected by four circuits over the years—the Second, Third, Eleventh, and District of Columbia. Their approach is best summed up by the Third Circuit in the recent case of *United States v. Manzella*, 475 F.3d 152 (3d Cir. 2007). In *Manzella*, the court correctly concluded the

statutory language of § 3582(a) applies both to the decision to impose a term of imprisonment and to the determination of the length of the term. *Id.* at 158. The court noted that, by their own terms, § 3553(a) applies to "imposing a *sentence*" and § 3582(a) applies to "imposing a term of *imprisonment.*" *Id.* The court found the Sentencing Reform Act uses the term "sentence" broadly to refer to many types of punishment, including imprisonment. *Id.* (citing § 3551, which provides that a convicted defendant may be sentenced to a fine, a term of probation, or a term of imprisonment). Accordingly, the court interpreted § 3553(a) to authorize consideration of rehabilitation in composing a sentence generally, but read § 3582(a) to prohibit consideration of rehabilitation in setting one crucial aspect of that sentence—the term of imprisonment. *Id.* Thus, while a court can pursue the goal of rehabilitation in sentencing, it cannot do so either in determining whether to impose a term of incarceration, or in determining the length of that term.

Other circuits have reached the same conclusion. The most recent case is *In re Sealed Case*, 573 F.3d 844, 849–51 (D.C. Cir. 2009). There, the D.C. Circuit rejected the Eighth and Ninth circuits' reasoning: "If, as the government concedes, imprisonment is not an appropriate means of promoting rehabilitation, how can *more* imprisonment serve as an appropriate means of promoting rehabilitation?" *Id.* The court went on to reject the Ninth Circuit's contention that § 3582 is insufficiently clear, given the references in the statute to both

-9-

imprisonment and the length of imprisonment. Older cases from the Eleventh and Second circuits reach similar conclusions. *See United States v. Harris*, 990 F.2d 594, 596–97 (11th Cir. 1993); *United States v. Maier*, 975 F.2d 944, 946–47 (2d Cir. 1992).

We have yet to weigh definitively in this debate with a published case. But in at least two cases we framed the competing views. In the first case, *United States v. Tsosie*, 376 F.3d 1210, 1214 (10th Cir. 2004), we referenced the issue in dicta:

> Although our court has not yet had reason to comment on the specific import of this language, the other circuits have recognized its clear mandate—when imposing an original sentence to a term of imprisonment, it is inappropriate for the district court to consider rehabilitation of the defendant as the sole purpose for imprisonment.

(citing *United States v. Brown,* 224 F.3d 1237, 1240 (11th Cir. 2000)). But *Tsosie* did not resolve the question since the case involved the use of rehabilitating goals in "determining the imposition and length of supervised release" under 18 U.S.C. § 3583(c) and § 3553(a). *Id.* at 1214–15. Notably, the dissent in *Tsosie* would have reached a broader restriction on judicial discretion even in the case of supervised release based in part on § 3582(a). 376 F.3d at 1222–23 (O'Brien, J., dissenting).

After *Tsosie*, several panels of our court suggested § 3553 and § 3582 could be reconciled. In an unpublished decision, *United States v. Limon,* we endorsed the interpretation of § 3582 that, while it is inappropriate to determine the length

-10-

of a prison term *solely* on the basis of rehabilitative goals, it is acceptable to do so in conjunction with other § 3553(a) factors. 273 F. App'x 698, 708–709 (10th Cir. 2008) (unpublished). That case distinguished *Tsosie* and concluded "§ 3582 only applies to decisions on whether to impose incarceration, but not in determining the length of a sentence" and found the contrary case law from other circuits "applied [§ 3582(a)] only because [rehabilitation] was the *sole reason* for the sentencing decision." *Id.* at 709. *Accord United States v. Lente*, 323 F. App'x 698, 711 (10th Cir. 2009) (Holmes, J. concurring) (unpublished).

Given these competing lines of cases, we agree with the majority view— increasing incarceration to promote rehabilitative goals is not permitted under § 3582(a).

As an initial matter, the method of reconciling the provisions suggested by our unpublished cases strays too far from the language of the statute. Section 3582(a) restricts the imposition of both a term of imprisonment and a longer period of imprisonment to advance rehabilitative goals. The fact that rehabilitation might be one of several goals does not restrict the reach of the statute.

Nor are we persuaded by the minority view, as exemplified by the Eighth Circuit's decision in *Hawk Wing*. That case's interpretation advances an unnatural reading of § 3582(a), requiring us to read the phrase "recognizing that imprisonment is not an appropriate means of promoting . . . rehabilitation" as

-11-

modifying the first clause ("in determining whether to impose a term of imprisonment") but not the second ("in determining the length of the term"). *Accord In re Sealed Case*, 573 F.3d at 849. We also disagree with the Ninth Circuit's assertion that, if Congress had intended to bar consideration of rehabilitation absolutely, the statute would read "imprisonment *or the length of imprisonment* is not an appropriate means of promoting correction and rehabilitation." *Duran*, 37 F.3d at 561. As the D.C. Circuit pointed out in *In re Sealed,*

> [T]he phrase "or the length of imprisonment" [would not] add anything that the term "imprisonment" on its own doesn't already convey. . . . A sentencing court deciding to keep a defendant locked up for an additional month is, as to that month, in fact choosing imprisonment over release.

*In re Sealed Case*, 573 F.3d at 850.

We therefore agree with the Second, Third, Eleventh, and D.C. Circuits that § 3582(a) bars consideration of rehabilitation in setting a prison term absolutely. The textual analysis used in *Manzella* is compelling and does not rob either § 3582(a) or § 3553(a) of significance.

We also agree this interpretation makes sense in light of the uncertainty of placement in rehabilitation programs. As the Third Circuit pointed out in *Manzella*, a sentencing judge has no authority to order the Bureau of Prisons to place a defendant in any given rehabilitative program, although it may offer recommendations. 475 F.3d at 158. "Allowing a judge to issue a specific term of

-12-

imprisonment based on the uncertain placement of a defendant in a rehabilitative program[] is a practice Congress was unwilling to endorse." *Id.* And in fact, we understand Story has not been placed in the drug treatment program envisioned by the sentencing judge.

As a final matter, the legislative history supports this reading of the statute. The Senate Report accompanying the Sentencing Reform Act noted "almost everyone involved in the criminal justice system now doubts that rehabilitation can be induced reliably in a prison setting." S. REP. NO. 98-225, at 38 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3302. The report also explained the committee considered and rejected the view that rehabilitation should be eliminated completely as a purpose of sentencing, choosing instead to "retain[] rehabilitation and corrections as an appropriate purpose of a *sentence*, while recognizing . . . that '*imprisonment* is not an appropriate means of promoting correction and rehabilitation.'" *Id.* at 76–77 (emphasis added). The "purpose of rehabilitation is still important in determining whether a sanction other than a term of imprisonment is appropriate in a particular case." *Id.*

We therefore hold § 3582(a) bars a sentencing judge from considering rehabilitative goals in determining whether to sentence a criminal defendant to a term of incarceration and the length of that term.

### C. *Plain Error*

Although we conclude the district court committed statutory error, we must also consider whether the error is plain. To meet this standard the error must be "clear or obvious" under "current, well-settled law." *United States v. Whitney,* 229 F.3d 1296, 1308, 1309 (10th Cir. 2000). "In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187–88 (10th Cir. 2003). But even where there is no such precedent, we may find plain error where the district court has engaged in a "clearly erroneous" application of statutory law. *United States v. Poe*, 556 F.3d 1113, 1129 (10th Cir. 2009) (finding no plain error because there was no precedent and the sentencing guidelines were not "clearly and obviously . . . limited" to the interpretation advocated by the appellant).

Here, there is no controlling circuit or Supreme Court precedent. *Tsosie* is not on point, and neither *Limon* nor *Lente* are published or binding on this court or the district courts. Moreover, our unpublished Tenth Circuit opinions that might have offered guidance to the district court are contrary to our holding today. *See Limon*, 273 F. App'x at 708–09.

Since Story did not object on § 3582 grounds, we may remand only if the error was a "clearly erroneous" application of the Guidelines. We found one case that did so. In *In re Sealed* the D.C. Circuit held a sentence based on

-14-

rehabilitative goals to be plain error in a factually similar case.  Although no precedent existed in the D.C. Circuit, it found that § 3582(a) "speaks with absolute clarity."  *In re Sealed Case*, 573 F.3d at 851–52.  But a dissent in that case saw it differently, arguing the existence of a circuit split weighed against a finding that the district court's error was "clear or obvious."  *Id.* at 855 (Henderson, J., dissenting).

While we agree with *In re Sealed*'s statutory analysis, we part ways on plain error review.  Our circuit precedent has repeatedly noted that a circuit split is strong evidence that an error is not plain.  As we said in *United States v. Teague*, 443 F.3d 1310, 1319 (10th Cir. 2006), "[i]f neither the Supreme Court nor the Tenth Circuit has ruled on the subject, we cannot find plain error if the authority in other circuits is split."  *See also United States v. Mike*, No. 09-2230, at *22 (10th Cir. Feb. 17, 2011) (finding no plain error as "there appears to be a split in the circuits"); *United States v. Juarez-Galvan*, 572 F.3d 1156, 1161 (10th Cir. 2009) (finding no plain error because there was no controlling precedent and there was a conflict in circuit authority).

Other circuits agree.  *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) ("When neither the Supreme Court nor this Court has resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue."); *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) ("Certainly, an error cannot be deemed 'plain,' in the absence of binding precedent, where there is

a genuine dispute among the other circuits."); *United States v. Diaz*, 285 F.3d 92, 96 (1st Cir. 2002) ("If a circuit conflict exists on a question, and the law is unsettled in the circuit in which the appeal was taken, any error cannot be plain or obvious."); *United States v. Williams,* 53 F.3d 769, 772 (6th Cir. 1995) ("[A] circuit split precludes a finding of plain error.").

While a circuit split is not dispositive on the question of whether an error is plain, the circumstances here weigh against such a conclusion. Not only do we have a division in the circuits, the two (albeit non-precedential unpublished) cases to directly address the issue in our circuit interpreted the statutes to allow the sentence imposed on Story. Given the district court's sentence would likely have been permissible under the interpretation espoused by this court in *Limon*, it cannot fairly be said the district court's error was "clearly erroneous."

For all of these reasons, we conclude the district court did not commit plain error in this case.

## III. Conclusion

For the reasons discussed above, we AFFIRM the judgment of the district court.

09-6261 - *United States v. Story*

**HARTZ**, Circuit Judge, concurring:


I fully join Judge Tymkovich's opinion. I write separately only to suggest that Story may also not be entitled to plain-error relief because she has failed to establish prejudice. It is doubtful that she has shown that her sentence would have been any lower had the district court not made its error. Although rehabilitation is not a proper ground for increasing a sentence, the threat of recidivism is. And whether one views the problem as a need for rehabilitation or a need to protect against recidivism may well depend only on the lens one is looking through. A sentencing judge who believes participation in a rehabilitation program to be essential may often also believe that the chance of recidivism is quite high absent participation. If no rehabilitation program is available, the judge may think that a longer sentence is appropriate to protect the public. Thus, the sentencing judge in this case might well have decided that if Story could not participate in a rehabilitation program in prison, the risk of her engaging in crime upon release required an above-guidelines sentence. Indeed, the grounds checked off by the court in the Statement of Reasons for Story's above-guidelines sentence include "to protect the public from further crimes of the defendant."