FILED
United States Court of Appeals
Tenth Circuit

May 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

GARY MULLANE,

  Defendant-Appellant.

No. 11-3207

(D. of Kan.)

(D.C. No. 6:03-CR-10040-WEB-02)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Gary Mullane was found guilty of violating the terms of his supervised release and was sentenced to 36 months in prison. At the revocation hearing the judge found that he had committed the crime of possession of methamphetamine with intent to distribute or in the alternative aiding and abetting possession with intent, in violation of the term of his supervised release forbidding him to commit

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

a state, local, or federal crime. On appeal, Mullane argues that prior to his revocation hearing he was not properly given adequate notice of the charged conduct that violated supervised release. He also argues there was insufficient evidence in the record to find that he possessed methamphetamine with intent to distribute.

We find the notice Mullane received was not so inadequate as to constitute plain error and that there was sufficient evidence presented for the district judge to conclude he was guilty of the charged violations by a preponderance of the evidence.

We therefore AFFIRM the district court's revocation order.

## I. Facts

Mullane had previously been convicted of possession with intent to distribute marijuana and served a 92-month sentence. He was released in October 2009.

In 2011, Leavenworth police began an investigation for suspected distribution of methamphetamine by Mullane's wife, who was also under supervised release for prior crimes. A search of the apartment which she shared with Mullane revealed 9.3 grams of methamphetamine, a glass pipe with drug residue, digital scales, and $240 in cash.[1]

---

[1] When Mullane was later arrested, he was also found with a device used
(continued...)

Mullane was arrested and charged with three violations of the terms of his supervisory release, including the following:

> 1) Mandatory Condition: "The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance."

> 2) Standard Condition No. 7: "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substances or any paraphernalia related to controlled substances, except as prescribed by a physician."

Petition for Warrant for Offender Under Supervision, R. Vol. I at 28. In addition to this notification, Mullane also received a Violation Report. That document informed him that the first violation— commission of another federal, state, or local crime—was a Grade A violation while the other two violations were Grade C. A Grade A violation is subject to an imprisonment range of 33–41 months for an offender with Mullane's criminal history, while a Grade C violation is subject only to 8–14 months. USSG § 7B1.4(a). He alleges both documents were inadequate to apprise him of the alleged violations of his terms of supervised release.

After a hearing, the district court found that Mullane had committed the crime of possession with intent to distribute or in the alternative of aiding and abetting his wife in her possession with intent to distribute. Both of these crimes

---

[1](...continued)
to evade drug testing.

are Grade A violations of supervised release, and the court sentenced Mullane to 36 months imprisonment.

## II.  Analysis

Mullane raises two issues on appeal.  First, he contends the petition for revocation did not adequately notify him that he was charged with drug distribution, rather than mere possession.  Second, he claims the evidence was insufficient to support the court's finding that he committed the violation.

### A.  *Notice*

Because Mullane failed to raise this issue in district court, we review it for plain error.  *United States v. Jones*, 530 F.3d 1292, 1298 (10th Cir. 2008).  Under plain error review, we will reverse the district court's determination only if Mullane has demonstrated "(1) error (2) that is plain and (3) that affected [his] substantial rights."  *Id.*  "If these three elements are met, then we may, in our discretion, correct an error that seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.*  An error is plain if it is contrary to well-settled law, and "for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue."  *United States v. Story*, 635 F.3d 1241, 1248 (10th Cir. 2011).

Mullane argues that the violation report he received was inadequate.  He contends that although it alleged the violation of a "federal, state, or local crime" it only listed a Kansas statute relating to drug possession, K.S.A. 65-65-4160

(renumbered K.S.A. 21-5706). It did not specifically identify a federal or state statute relating to drug distribution. The possession charge only supports a Grade B violation, while the distribution charge supports a Grade A violation and a longer potential term of imprisonment. Mullane argues that had he known he was charged with distribution he could have attempted to prove that he was not part of his wife's distribution scheme or at least could have refused to testify at the revocation hearing, where he provided damaging testimony.

Due Process protections extend to supervised release revocation hearings, and adequate notice is a part of these protections. *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994); *see also*, *Morrissey v. Brewer*, 408 U.S. 471, 480–82 (1972). But a defendant in a supervised release hearing is not entitled to the same protections owed a defendant in a criminal proceeding. *Cf. Morrissey*, 408 U.S. at 480 (stating that "[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply. . . .").

In the context of a revocation hearing, the minimum protections include: (1) written notice of the claimed violation; (2) disclosure of the evidence against the individual; (3) opportunity to be heard and to present evidence; and (4) the right to cross-examine adverse witnesses. *See Morrissey*, 408 U.S. at 489; *United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993) (stating that Federal Rule of

Criminal Procedure 32.1, governing supervised release, incorporates the minimum protections for parole revocation set forth in *Morrissey*).

Some circuits have required a high degree of specificity in a violations report or other form of notice about exactly which state or federal statutes have been violated, *see, e.g., United States v. Chatelain*, 360 F.3d 114 (2d Cir. 2004); *United States v. Kirtley*, 5 F.3d 1110, 1113 (7th Cir. 1993); *United States v. Havier*, 155 F.3d 1090 (9th Cir. 1998), but no case from this circuit has required that level of specificity. Thus, even if it was error to not clearly state the precise drug statute he was charged with violating, any error was not plain. Where "there is no controlling circuit or Supreme Court precedent" it is hard to conclude a district court committed error that was "clear or obvious" under "well-settled" law. *Story*, 635 F.3d at 1248.

What notice Mullane was given, in fact, stated that he was charged with a drug offense and that the evidence the government intended to introduce included distribution paraphernalia such as glass tubes, scales, and cash. Mullane also knew that one of his violations was a Grade A violation. While the violation report is not as specific as it could be, a Grade A violation requires more serious conduct than mere possession. Indeed, Mullane's lawyer knew that to prove a Grade A violation the government had to show intent to distribute and argued at the hearing that the government had not met its factual burden. Revocation Hearing Transcript, R. Vol III. at 97–99.

Finally, we note Mullane could have asked prior to the revocation hearing for more detailed notice or more time to prepare his defense. He did not do so, and, in any event, he was not prejudiced because he was able to argue during the hearing that even if he were guilty of simple possession, he was not guilty of possession with intent to distribute.

Thus, we conclude the notice provided by the violation report was not so deficient as to constitute plain error.

### B. Sufficiency of the Evidence

Mullane also argues that insufficient evidence was produced to show he had an intent to distribute drugs or to assist his wife in distributing drugs, even under a preponderance of the evidence standard. We disagree.

To revoke a term of supervised release, the district court must find by a preponderance of the evidence that the defendant violated a condition of his release. 18 U.S.C. § 3583(e)(3); *United States v. Disney*, 253 F.3d 1211, 1212–13 (10th Cir. 2001). As the trier of fact in a revocation proceeding, the district court has the exclusive function of appraising the credibility of witnesses, determining the weight to give their testimony, and resolving any conflicts in the evidence. *United States v. Leach*, 749 F.2d 592, 600 (10th Cir. 1984). We review a district court's decision to revoke a term of supervised release for an abuse of discretion, and the district court's factual findings for clear error. *Disney*, 253 F.3d at 1212–13; *United States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993). In reviewing

the sufficiency of the evidence, we must also view the evidence, and all reasonable inferences to be drawn therefrom, in the light most favorable to the government. *Leach*, 749 F.2d at 600.

Mullane's defense theory was that he became estranged from his wife and moved out from their shared apartment when he discovered that she was using drugs. He testified he only visited her apartment occasionally, in the hope of helping her. He claimed his wife called him shortly before the search of the apartment and told him that she had been caught with 63 grams of meth and wanted to see him one last time before she went to prison. According to his testimony he came over, hugged her, cried with her, and helped her dispose of pipes and scales used in drug dealing. R. Vol. III at 77–79. The police arrived a half an hour later to search the apartment.

The district court rejected his claim of innocence. Other testimony established that his wife's apartment contained men's clothes and that Mullane was seen at the apartment many times during the period when police had it under surveillance. Mullane's connections to the apartment connected him to the drug trafficking paraphernalia and methamphetamine. Police also found $150 in cash in a pair of men's pants in a bedroom. When the police entered the building to search, they found Mullane actively destroying a Kleenex box full of

methamphetamine.[2]  Mullane testified he knew his wife used drugs and had been involved in drug trafficking.  The district court did not commit clear error in concluding Mullane and his wife were engaged in drug distribution.

Mullane points to *United States v. Verners*, 53 F.3d 291 (10th Cir. 1995), arguing that there was insufficient nexus to his involvement in drug distribution. In that case, the police found drug dealing paraphernalia in a bedroom belonging to the defendant's son.  No other related evidence was found except for some drug preparation residue in a microwave outside the bedroom.  We declined to find sufficient evidence of possession by the mother with intent to distribute.  But here, as discussed above, there was more than enough evidence to link Mullane to the drugs and other evidence of distribution under a preponderance of the evidence burden of proof, either as a principal or aider and abettor to his wife's criminal conduct.

In sum, the evidence is sufficient to establish by a preponderance of the evidence that Mullane violated a term of supervised release.

## III.  Conclusion

The notice provided to Mullane in the Petition for Warrant for Offender Under Supervision and Violation Report was not so inadequate as to be plain error, and the government produced sufficient evidence that the finder of fact

---

[2]  The federal officials also testified that the Kansas Bureau of Investigation told them that the Bureau believed Mullane was trafficking drugs.

could conclude by a preponderance of the evidence that Mullane had committed the crime of possession of methamphetamine with intent to distribute.

For the reasons stated above, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge