FILED
United States Court of Appeals
Tenth Circuit

December 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

LOWELL D. CHATBURN,

        Defendant-Appellant.

No. 12-1040
(D.C. No. 1:11-CR-00190-WJM-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

        Lowell D. Chatburn appeals the district court's imposition of a five-month

prison sentence following revocation of his supervised release. He contends that the

sentence was substantively unreasonable. We exercise jurisdiction pursuant to

28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     BACKGROUND

Mr. Chatburn worked as an attorney in Hawaii until he was disbarred in 2002. In 2006, he was indicted for bank fraud based on his forging the signatures of three clients and converting their funds for his personal use in 2001 and 2002. In 2009, he entered a guilty plea to the bank fraud charge. Pursuant to the applicable United States Sentencing Guidelines, the advisory sentencing range was 10 to 16 months of imprisonment plus a term of supervised release. Mr. Chatburn received a downward variant sentence of three months in prison plus a five-year term of supervised release.

The special conditions of Mr. Chatburn's supervised release were designed to prevent his access to others' financial records and information. One of the special conditions required him to "notify the Probation Office of any contemplated employment and . . . obtain approval from the Probation Office for all employment." R. Vol. I at 7. Other special conditions required him to submit written reports and follow his probation officer's instructions. Mr. Chatburn moved to Boulder, Colorado, and began his term of supervised release on August 14, 2009.

While on supervised release, Mr. Chatburn was employed by Paycheck Loans in Boulder from August 2009 until September 2010, when the company closed its office. He reported to his probation officer, Ms. Oppenheimer, that his job duties involved customer relations and business advertising, and that he did not have access to any customer information. In fact, he prepared tax returns for customers without obtaining Ms. Oppenheimer's approval.

On November 30, 2010, Mr. Chatburn registered Rapidtax, Inc. with the Colorado Secretary of State, but he did not advise Ms. Oppenheimer despite her instructions to tell her if he registered or established a business. Doing business as Rapidtax, Inc., Mr. Chatburn began preparing tax returns in February 2011. He did not obtain Ms. Oppenheimer's approval for this work. In addition, despite her direction on March 28, 2011, to cease preparing tax returns, he continued to do so.

Mr. Chatburn began receiving unemployment benefits in approximately October 2010. He failed to comply with Ms. Oppenheimer's instructions to search for full-time employment and to submit written reports as required by the terms of his supervised release.

On July 1, 2011, Ms. Oppenheimer petitioned the district court to revoke his supervised release. Mr. Chatburn pled guilty to the following five Grade C violations of his supervised release: (1) failure to notify the probation office about and obtain approval for registering Rapidtax, Inc. and preparing tax returns under that name, (2) failure to obtain approval from the probation office for his employment with Paycheck Loans wherein he prepared tax returns for customers, (3) false statements to his probation officer about his duties at Paycheck Loans, (4) failure to submit written reports pertaining to the months of March and April 2011, and (5) failure to follow the instructions of his probation officer to search for full-time employment and submit monthly job search forms. A Supervised Release Violation Report calculated the advisory sentencing range under the Sentencing Commission's policy statements to be three to nine months in prison plus a term of supervised release.

Following a hearing, the district court sentenced Mr. Chatburn to five months in prison followed by three years of supervised release.[1]

Mr. Chatburn appeals, arguing that the sentence was substantively unreasonable for two reasons. First, he argues that the district court considered the seriousness of the offense, a sentencing factor not specified as pertinent to revocation of supervised release. Second, he argues that the district court's emphasis on a perceived need to deter criminal conduct and to protect the public from further crimes was manifestly unreasonable and resulted in a sentence that was impermissibly harsh.

## II.   DISCUSSION

"In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions *de novo*. We will not reverse a sentence following revocation of supervised release if the record establishes the sentence is reasoned and reasonable." *United States v. Handley*, 678 F.3d 1185, 1188 (10th Cir. 2012) (citation omitted) (internal quotation marks omitted).

---

[1]     It appears from the record that Mr. Chatburn has completed the five-month prison term imposed on revocation of his supervised release and is now serving the additional three-year term of supervised release. The case is not moot because, if he were to prevail on his sentencing-length appeal, the district court could provide effective relief on remand by shortening his term of supervised release. *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007).

A. *Seriousness of the Offense and Procedural Reasonableness*

Pursuant to 18 U.S.C. § 3583(e), "[b]efore deciding whether to revoke a term of supervised release and determining the sentence imposed after revocation, the district court must consider the factors set out in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *United States v. McBride*, 633 F.3d 1229, 1231 (10th Cir. 2011) (citing 18 U.S.C. § 3583(e)).

In his first argument, Mr. Chatburn objects that the district court considered 18 U.S.C. § 3553(a)(2)(A)—the seriousness of the underlying offense—a factor not included in § 3583(e). Therefore, he argues, the district court committed reversible error.

Mr. Chatburn has characterized the district court's consideration of an improper factor as a substantive-reasonableness issue. We view this alleged error as a challenge to the procedural reasonableness of the sentence. *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008) (stating that a form of procedural error is "consideration by the district court of legally erroneous factors"); *see also United States v. Mendiola*, 696 F.3d 1033, 1036 (10th Cir. 2012) (evaluating district court's consideration of an impermissible sentencing factor as procedural error).

Because Mr. Chatburn "failed to object on this basis in the district court, plain error review now applies." *Mendiola*, 696 F.3d at 1036. "Our plain error standard is satisfied when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Uscanga-Mora*, 562 F.3d 1289, 1295 (10th Cir. 2009)

(internal quotation marks omitted). A defendant is not entitled to relief if he fails to establish one or more of those elements. *See United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir. 2007) (holding defendant's concession that he did not allege any error that affected his substantial rights defeated claim of plain error).

Mr. Chatburn has failed to establish that any error was plain. The Tenth Circuit has not addressed this issue, and there is no controlling circuit or Supreme Court precedent on point. "If neither the Supreme Court nor the Tenth Circuit has ruled on the subject, we cannot find plain error if the authority in other circuits is split." *United States v. Story*, 635 F.3d 1241, 1248-49 (10th Cir. 2011) (internal quotation marks and brackets omitted).

The circuits are divided on whether consideration of a § 3553(a)(2)(A) factor is error. *Compare United States v. Miller*, 634 F.3d 841, 844 (5th Cir.) (holding "that it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term"), *cert. denied*, 132 S. Ct. 496 (2011); *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006) (noting in dicta that § 3583(e) excludes consideration of the § 3553(a)(2)(A) factors in devising a revocation sentence); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) ("Given that § 3553(a)(2)(A) is a factor that Congress deliberately omitted from the list applicable to revocation sentencing, relying on that factor when imposing a revocation sentence would be improper."), *with United States v. Young*, 634 F.3d 233, 241 (3rd Cir.) ("It is . . . plain to us that a district court's consideration of, and explicit reference to, the § 3553(a)(2)(A) factors in imposing a sentence for the violation of supervised release

- 6 -

is not a procedural error that renders the sentence *per se* unreasonable."), *cert. denied*, 132 S. Ct. 204 (2011); *United States v. Lewis*, 498 F.3d 393, 399-400 (6th Cir. 2007) (holding "that it does not constitute reversible error to consider § 3553(a)(2)(A) when imposing a sentence for violation of supervised release, even though this factor is not enumerated in § 3583(e)"); *United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006) (noting that § 3583 "does not state that any particular factor cannot be considered, and [interpreting] § 3583(e) simply as requiring consideration of the enumerated subsections of § 3553(a), without forbidding consideration of other pertinent factors").

"[A] circuit split is strong evidence that an error is not plain," *Story*, 635 F.3d at 1248, but it "is not dispositive on the question of whether an error is plain," *id.* at 1249. Nonetheless, the law is sufficiently unsettled for us to conclude that any error here was not plain.

We further conclude that even if error were plain, the district court's mention of the seriousness of the offense did not affect Mr. Chatburn's substantial rights. "An error only affects substantial rights when it is prejudicial, meaning that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Penn*, 601 F.3d 1007, 1012 (10th Cir. 2010) (internal quotation marks omitted).

The district court linked the underlying offense, which involved fraud and deceit, to Mr. Chatburn's failure to disclose pertinent information to his probation officer. This analysis was part of the court's review of the nature and circumstances

of the offense, a factor the district court properly considered.  *See* § 3583(e)

(directing district court to consider § 3553(a)(1), which in turn allows consideration

of "the nature and circumstances of the offense").  Nothing indicates that the result of

the proceeding would have been different absent the court's consideration of the

seriousness of the underlying offense.  Accordingly, no plain procedural error

occurred.

B. *Nature of Supervised Release Violations and Substantive Reasonableness*

Mr. Chatburn also contends that his sentence was substantively unreasonable

because his supervised release violations were not criminal and because he had not

committed any crime since his 2001-2002 conduct resulting in the bank fraud charge.

He therefore asserts that the district court improperly based his sentence on the need

to deter criminal conduct and protect the public from further crimes when there was

no criminal conduct on his part, even though § 3583(e) directs the district court to

apply those two sentencing factors.  This was, he says, substantively unreasonable

and resulted in a sentence that was impermissibly harsh.

Mr. Chatburn also points out that his prison sentence for violating supervised

release was longer than the sentence for the underlying conviction.[2]  He further

argues that during his supervised release, he was employed, met his financial

---

[2]    We note that Mr. Chatburn's original three-month sentence varied from his
advisory sentence range of 10 to 16 months and that the Guidelines provide:  "Where
the original sentence was the result of a downward departure . . . that resulted in a
sentence below the guideline range applicable to the defendant's underlying conduct,
an upward departure may be warranted."  USSG 7B1.4, Application Note 4.

obligations, reestablished his relationship with his children, and succeeded in the court-ordered mental health treatment. His claim is "merely that the sentence is unreasonably long, [so] we do not require the defendant to object in order to preserve the issue." *See United States v. Mancera-Perez*, 505 F.3d 1054, 1058 (10th Cir. 2007) (internal quotation marks omitted).

"In assessing what sentence would be reasonable for violation of a condition of supervised release, the district court has been instructed by Congress to consider the applicable policy statements issued by the Sentencing Commission." *McBride*, 633 F.3d at 1232 (internal quotation marks and ellipsis omitted). "[W]e will defer to the district court's judgment so long as it falls within the realm of the[] rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). "[A] revocation-of-supervised-release sentence within the range suggested by the Commission's policy statements" is presumed to be reasonable. *McBride*, 633 F.3d at 1233. The presumption, however, may be rebutted by demonstrating that the sentence is unreasonable in light of the applicable sentencing considerations. *Id.*

Mr. Chatburn's sentence is entitled to the presumption of reasonableness. The recommended sentencing range was three to nine months of imprisonment; he was sentenced to five months. He has not rebutted the presumption. Rather, he argues that the district court should have weighed the mitigating evidence more heavily. He does not dispute that the district court considered the sentence imposed for the underlying conviction, Mr. Chatburn's personal circumstances, or his mental-health treatment. Mr. Chatburn "must do more than show that his preferred sentence was a

reasonable one. . . .  To obtain relief he must show that the actual sentence imposed was outside this range of reasonableness." *Id.* at 1232.  He has not made the required showing to demonstrate that his sentence was substantively unreasonable.

## III.   CONCLUSION

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge