FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE LUIS PLANCARTE,

    Defendant - Appellant.

No. 17-1457
(D.C. No. 1:15-CR-00171-WYD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

This appeal involves the substantive reasonableness of an 11-month sentence for violating the terms of supervised release. We affirm the sentence.

Sentences must be substantively reasonable, which we review under the abuse-of-discretion standard. *See United States v. Walker*, 844 F.3d

_____

[*]     The parties have not requested oral argument, and it would not materially aid our consideration of the appeal. Thus, we have decided the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

1253, 1255 (10th Cir. 2017) (requirement of substantive reasonableness); *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (abuse-of-discretion standard). A district court abuses its discretion only if the sentence is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Friedman*, 554 F.3d at 1307 (citation omitted).

Mr. Plancarte's sentence is considered presumptively reasonable because it falls within the applicable guideline range. *United States v. McBride*, 633 F.3d 1229, 1232–33 (10th Cir. 2011) (rebuttable presumption of reasonableness applies in proceedings for revocation of supervised release). Nonetheless, Mr. Plancarte contends that the district court gave inadequate weight to Mr. Plancarte's history, his characteristics, and the need to provide medical care.[1] We reject this contention.

---

[1]     Mr. Plancarte argues that

- the district court considered the seriousness of the underlying offense and

- this factor should not serve as the "primary basis" of a district court's decision to revoke supervised release.

We decline to consider this argument. This challenge involves *procedural* reasonableness, not *substantive* reasonableness. *See United States v. Mendiola*, 696 F.3d 1033, 1036 (10th Cir. 2012). And Mr. Plancarte has not raised or preserved a challenge involving procedural reasonableness. *See United States v. Chatburn*, 505 F. App'x 713, 716 (10th Cir. 2012) (unpublished) (treating the same challenge as one involving procedural reasonableness); *United States v. Chavez-Morales*, 894 F.3d 1206, 1213 (10th Cir. 2018) (holding that a defendant failed to preserve a challenge,

For Mr. Plancarte's conviction (smuggling goods), the guidelines called for a sentence of imprisonment of 15 to 21 months. Instead, the court imposed a lenient sentence of five years' probation. After Mr. Plancarte violated eight terms of probation, the court again acted with leniency, imposing a prison term of only five months. But after finishing the prison term, Mr. Plancarte again breached the terms of his supervised release, violating five terms that involved (1) the use of alcohol and (2) the possession and use of a controlled substance.

The violation of a condition of supervised release constitutes a breach of trust. U.S. Sentencing Guidelines Manual ch. 7, pt. A introductory cmt. (U.S. Sentencing Comm'n 2016). Thus, the district court could reasonably view Mr. Plancarte's continued violations as a breach of trust, justifying a sentence of eleven months' imprisonment after the leniency that the court had shown earlier. *See United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010) (persistent violations of supervised-release terms could be seen as a breach of trust). In light of the reasonableness of

_____

which involved procedural reasonableness of the sentence, by failing to present the challenge after sentencing).

this view, the sentence was not arbitrary, capricious, whimsical, or manifestly unreasonable.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge